WILLIAM KUHLMAN, Appellant, v. JAMES L. STEWART.

Division One, April 10, 1920.

1. **EASEMENT AND LICENSE:** Prescription: Oral Agreement. An easement is an interest in land, and can only be created by grant, but the grant may be proved by prescription, which supposes a grant, but an easement cannot originate in an oral agreement, and where the evidence is positive that the claimed easement originated in parol an easement cannot be implied by prescription, however long it may have been enjoyed. A license is a privilege, may be created by parol, is revocable, and does not imply interest in the land.

2. ————: Outlet for Surface Water: Oral Agreement: Injunction. An oral agreement, between plaintiff and defendant's grantor, by which plaintiff was given a privilege to connect a drainage ditch on his own land with a larger one on defendant's, and thereby afford an outlet for surface waters as they accumulated on plaintiff's, was a mere license, giving to plaintiff no right of perpetual drainage, but revokable by defendant, even to the extent of damming up the outlet.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED AND REMANDED.

*John D. Taylor* for appellant.

(1) It is the uncontradicted testimony that the ditch closed by respondent was constructed across appellant's and respondent's land by the joint labor and expense of appellant and the former owner of respondent's land, and with the full knowledge and permission chaser for valuable consideration with an irrevocable across respondent's land pursuant to permission given to him by the then owner and with his assistance, complainant did not become a mere licensee, but is a pur- of the then owner. Since the complainant cut the ditch

interest in said land. Grandstaff v. Bland, 166 Mo. App. 50. (2) "If on the faith of the license defendant had expended labor and money in the construction of the ditch and levee, and had made the improvement on the faith of the license, he has become a purchaser for valuable consideration." Railroad v. Railroad, 222 Mo. 484; School Dist. v. Lindsey, 47 Mo. App. 134; Sanford v. Kern, 223 Mo. 616. (2) Respondent knew of the existence of the ditch before he became the purchaser of the land and that it was a continuation of the ditch across appellant's land. The very nature and character of the structure was in itself sufficient notice of appellant's interest therein, and he recognized that interest by attempting to procure his permission to close the same. (3) Injunction is the proper remedy, because the construction of the dam over plaintiff's objection was an interference with the property and rights of appellant. Walther v. Cape Girardeau, 166 A. L. C. 478; Improvement Company v. Strauch, 162 A. L. C. 86. The courts of this State will prevent the obstruction of a private way by injunction. Sultzman v. Branham, 128 A. L. C. 701; Robick v. Stone, 137 A. L. C. 321; Sanford v. Kern, 223 Mo. 616; Grandstaff v. Bland, 166 Mo. App. 41. Likewise injunction will lie to prevent interference of an easement. Buck v. Wheeler, 210 Mo. 622.

*J. A. Collet* for respondent.

(1) The construction of the ditch in question under the terms of a parol contract, entered into with respondent's grantor, did not or could not create an interest in the land. The most that can be claimed is, that such contract created a license to flow water across respondent's land, which license was revocable at will of the owner. Cook v. Ferbert, 145 Mo. 462; Pitzman v. Boyce, 111 Mo. 387; Dunham v. Joyce, 129 Mo. 5; Lead Co. v. White, 106 Mo. App. 232; Daudt v. Steiert, 205 S. W. 222. (2) The license created by respondent's grantor was *ipso* revoked by the conveyance of

the land by him. Bruley v. Garvin, 48 L. R. A. 839; Houx v. Seat, 26 Mo. 178; Hodgkins v. Farrington, 5 L. R. A. 209; 25 Cyc. 651. (3) Complainant has a plain, adequate and complete remedy at law, and his resort to equity is improper. Stalter v. Stalter, 151 Mo. App. 56; Gotcher v. Haefner, 107 Mo. 270; State ex rel. v. Aloe, 152 Mo. 466. (4) Mandatory injunction is never granted unless the evidence is certain, clear and convincing. The evidence in this case is not clear and convincing that complainant has suffered any irreparable injury. Hatton v. Railroad, 253 Mo. 660; Gottenstroetter v. Kapplemann, 88 Mo. App. 449.

GRAVES, J.—Plaintiff (appellant) and defendant (respondent) are adjoining land-owners in Chariton County. Plaintiff had owned his land for many years, whilst defendant had owned his for some year or more. Plaintiff claims (by his petition) that by agreement with defendant's predecessors in title, there was constructed by the two owners a joint ditch and waterway, the purpose of which was to carry off the surface water which, after heavy rains, accumulated upon their lands; that such ditch or waterway was constructed at the joint expense of the two adjoining land owners; that a part of such ditch or waterway ran across the lands of defendant, but carried the surface water from plaintiff's land, as well as that of defendant; that defendant put a dam across said ditch or waterway (upon defendant's land), so that the surface water was left to accumulate and stand upon the lands of the plaintiff; that this ditch or waterway had been continuously so used from 1906 to date of its obstruction by defendant in 1916; that plaintiff owned the west half of the south half of Section 14, and the defendant the east half of the same. The prayer of the petition thus concludes:

"Wherefore, the premises considered, complainant prays that by order and judgment of this court defendant be directed and required to forthwith remove the dam or levy from the said ditch and to remove the earth and obstruction thrown into said ditch aforesaid,

and restore the same to its former state of usefulness, and that by the order and judgment of this court he be forever restrained and prohibited from closing, obstructing and destroying the said ditch or impairing its utility, and for such other relief in law and equity as may be just and proper.''

Upon a trial in the circuit court there was a finding and judgment for the plaintiff, by the force of which an easement for the passage of this surface water over the land of defendant was declared. Later, upon motion of defendant, this judgment was set aside, and a new trial granted. From the order granting a new trial the plaintiff appealed to the Kansas City Court of Appeals, which court has transferred the case here as one involving title to real estate. It should also be added that the judgment granted a mandatory injunction requiring the defendant to remove his dam across the ditch, and that he was enjoined from further interrupting the flow of the surface water through such ditch. This is not the language, but the substance of the judgment, which plaintiff seeks by this appeal to have reinstated, without further trial. Pertinent portion of the evidence will be left to the opinion.

I. Going to the evidence in the case we find reference to several ditches, all of which are shown upon the attached plat, which we have reduced in size, from the one used in evidence.

SECTION 14, TWP. 53, RANGE 19,
CHARITON COUNTY, MISSOURI.

To get the pertinent facts plainly in the mind reference to this plat is necessary. The land north of the Wabash Railroad, as shown on the plat, is broken and hilly. The lands of plaintiff and defendants are low and level, and upon them would accumulate the waters coming from the hills to the north. In the southwest corner of Stewart's land was a slight elevation. On Kuhlman's land there was what is called a "swale" or a depression in the land (lower than that upon either side), but with no well defined banks. The swale extended from Kuhlman's land into Stewart's land, and would be to the north and east of this slight elevation in the southwest corner of Stewart's land. This swale was along what is marked in the plat as the "Kuhlman-Price Ditch." It was not the full length of this marked ditch, but ran up some distance in Kuhlman's land, and into the southwest corner of Stewart's land. In this swale or depressed land water would accumulate, and stand, unless given outlet to or across the public road. So there is testimony bearing upon this particular ditch.

Afterward there was constructed a ditch marked "County Drainage Ditch." Next in order of time came the "Kuhlman-Kayser Ditch," which began a few feet south of the 'County Drainage Ditch" and connected with the old "Kuhlman-Price Ditch." Next in order of time is the "New Stewart Ditch," which defendant constructed upon his own land shortly before this lawsuit began. This ditch runs from the little high land in the southwest corner of Stewart's land, to the "County Drainage Ditch" to the north, and at the point where it crosses what is marked as the "Kuhlman-Price Ditch" is where the dam of that ditch occurred, of which complaint is made in the petition. From this it will be seen that the dam would cause surface water to remain in this swale upon plaintiff's land, and perhaps to keep it backed up there more than before the construction of the dam. This dam is but

282 Mo.—8

a part of the construction of the Stewart ditch and is upon the Stewart land.

With this general outline of the situation we can more intelligently take up the other facts, and apply the law thereto.

II.   The petition charges that more than twenty years prior to the suit the two tracts of land were respectively owned by Caroline Kuhlman and the heirs of J. W. Price.  Caroline Kuhlman owned the land now owned by the plaintiff, and the Price heirs the land now owned by defendant.  Such petition further charges that there was an agreement between Caroline Kuhlman and the Price heirs to construct, through this swale, as a part of the ditch, what is designated as the "Kuhlman-Price Ditch," and the evidence bearing thereon is a matter for disposition here.  We take the evidence upon the two ditches separately for reasons that are obvious.

As to the first ditch the evidence shows that it was partially constructed some thirty years ago.  We say partially constructed, because the water was collected in this swale or low ground, and got from there as best it could, until later a spaded ditch was cut from the Stewart land into a ditch on the north side of the public road.  This seems to have been done about the time that the "Kuhlman-Kayser Ditch" was made, and the man who dug this latter ditch says that it was made in 1908 or 1909—not earlier than 1908.  So this evidence tends to show that there was no practical ditch there until the spading out of this opening from that part of the swale on Stewart's land to the public road ditch, and that this was of no great benefit until within the last few years, when the roadway was elevated, and the road ditch was deepened. Since this time the water from the swale on both the Kuhlman and Stewart lands would drain out fairly well.  But this has been of very recent years.

The vital part of the testimony is that this ditch was constructed under an oral agreement between

Caroline Kuhlman and Elmer Price, one of the Price heirs. In other words, it had its origin in an oral agreement. Where the proof shows a clear oral agreement (as here) the question is, can there be created an easement? This oral agreement was merely to construct a ditch. It was not an oral agreement to convey by proper grant an easement over the Price land, now the Stewart lands. An easement can only be created by grant. It is true that the existence of the grant may be proved in several different ways, one of which is prescription, which presupposes a grant. In our judgment the evidence in this case goes no further than to show a license. In 9 R. C. L. p. 744, it is said:

"The difference between an easement and a license is that the former implies an interest in land, while the latter does not. An easement must be created by deed or prescription, while a license may be by parol. The former is a permanent interest in the realty, while the latter is a personal privilege to do some act or series of acts upon the land of another without possessing any estate therein, and is generally revocable at the will of the owner of the land in which it is to be enjoyed, by the death of the licensor, or by his conveyance of the lands to another, or by whatever would deprive him of doing the acts in question or giving permission to others to do them."

The same authority at page 745 says:

"An easement, being an interest in land, can be created only by grant, the existence of which may be established by the production of a deed expressly declaring it, or may be inferred, by construction, from the terms and effect of an existing deed, or evidence of the grant may be derived from its having been so long enjoyed as to be regarded as proof that a grant was originally made, though no deed is produced which contains it. In other words, there are three ways in which an easement may be created—first, by express grant; second, by implication; third, by prescription. The rule that the grant of an easement cannot exist in parol is well established in all jurisdictions. It is sometimes stat-

ed that easements created by prescription, by estoppel, and by necessity, are exceptions to this rule, but these modes in their origin resolve themselves into one. The distinction between them relates more to the mode of proof than to the source of the title. They are all derived from voluntary grant. Prescription presupposes and is evidence of a previous grant. Necessity is only a circumstance resorted to for the purpose of showing the intention of the parties and raising an implication of a grant, and the same is true of estoppel. Since interests in real estate may pass by will, a will may operate to create an easement.''

So that in this case proof of thirty years' continuous use (were the substantial proof of this character) might authorize the finding that there was a proper grant, but for the express and positive evidence that the whole thing rests upon a parol agreement between Caroline Kuhlman and Elmer Price, one of the Price heirs. The proof of the express parol agreement destroys all presumption of a grant. In other words the proof shows that this ditch had its origin in an oral agreement, rather than in a grant, and with this direct proof in the record, there is no room for the presumption of a grant, which is the foundation of the doctrine of prescription, in such cases. The oral agreement proven in this case shows a license rather than an easement. In Division two of this court we had up a very similar state of facts, and in this case, Daudt v. Steiert, 205 S. W. l. c. 226, it was said:

''Mere proof that the ditch was made and connected by the parties affords no sufficient basis for equitable relief such as has been granted here. If, as the evidence shows, in 1895, Runge constructed the ditch along his east line, and Daudt constructed the ditch along his north line, and connected it with the Runge ditch, so as to drain the surface water from his land, a basis for a decree in equity would not have been authorized investing Daudt with a perpetual right of drainage over

Runge's land.  While such evidence might show the existence of a right in the nature of a license to Daudt to drain his surface water through Runge's ditch, it would constitute no more than a license, revocable by Runge.  [Dunham v. Joyce, 129 Mo. 9, 31 S. W. 337;  Pitzman v. Boyce, 111 Mo. 392, 19 S. W. 1104, 33 Am. St. Rep. 536;  Desloge v. Pearce, 38 Mo. loc. cit. 599.]''

But in the case at bar it is shown that there was no substantial, effective ditch, until within the past two or three years.  That theretofore the water accumulated in this swale or depressed portion of the ground, and found its way out in anyway that it could, and what did not flow out, remained in and got out by the slow process of evaporation.  It is true that within the last few years (after the roadway of the public road was elevated, and after the road drain was deepened) much of this accumulated water found its way out of this swale and down toward the east through the public road drain.  Prior to that time its outlet from the swale was an imperfect and uncertain one.  At the earlier period it crossed the road when there was enough in the swale to force it to do so.  But aside from all this, we don't think the evidence in this case measures up to the standard to show an easement by prescription.

III.  What we have said of the "Kuhlman-Price Ditch" applies with equal force to the "Kuhlman-Kayser Ditch."  The contract for this rests in parol.  It was, under the evidence, made between Kayser, as agent for the then owner of the present Stewart lands, and Kuhlman.  It was a contract to dig a ditch and divide the expenses.  This was in 1908 or 1909, by the most reliable evidence.  No time has elapsed for prescriptive rights, if such were really in the case.  Upon the whole there was no error upon the part of the circuit court, when it granted this new trial, and its order will be and is affirmed and the cause remanded.

All concur except *Woodson, J.,* absent.