## JOHN P. BALES and IDA BALES v. CHARLES W. BUTTS and SARAH BUTTS, Appellants.

### Division Two.   June 5, 1925.

1. **EASEMENT: Water Pipe: Duty of Lot Owner to Maintain.**   The owner of a five-acre tract, something over six hundred feet north and south and something less than three hundred feet east and west, divided it into large lots of almost equal size, and built a dwelling house on each, and laid an underground water pipe which extended north from the house on the south lot to the house on

Bales v. Butts.

the north lot, and from there on north to a street and then on east in the street to a main pipe in a cross street. Thirteen years afterwards he conveyed the north lot by warranty deed to defendants, and two years later, in pursuance to a previous written contract, conveyed the south lot to plaintiff, but in neither deed nor in the contract was any mention made of a water pipe or of a reservation of a water easement. After the grantees had taken possession of their respective lots the water pipe began to leak, and the defendants disconnected it and capped it, and thereby shut off a supply of water to the dwelling house of plaintiffs, who bring a mandatory injunction to compel· defendants to restore the connection and to prevent them from hereafter severing it, on the theory that defendants' lot is impressed with an easement in their favor for the perpetual maintenance of a water pipe connecting their dwelling house with the said water main. *Held*, first, that so long as the two lots belonged to the one grantor there could be no easement in favor of either lot, or servitude in favor of one upon the other, for a man cannot have an easement over his own land; *second*, an oral understanding between the grantor and plaintiffs at the time they bought that they would be provided with water through the pipe which then extended from the house thereon to the main pipe, not only fails to establish their easement right to the pipe through defendants' lot, but evidence of such oral understanding is incompetent; and, *third*, the water pipe or an easement through defendants' lot being in no wise mentioned in the deeds from the common grantor, the plaintiffs are precluded by the Statute of Frauds (Sec. 2167, R. S. 1919) from maintaining the suit.

2. ———: ———: ———: Implied: Access: Inconvenience. Where no reservation of an easement is contained in a deed or an exception to its exact and precise terms is made, an implied reservation can exist only when the easement has been a necessary part of the estate retained by the grantor and imperatively necessary to its enjoyment; inconvenient or expensive access is not sufficient. Where a water pipe extended from 'the dwelling house on the lot which plaintiffs bought on to the lot previously conveyed by the same grantor to defendants, an easement right in plaintiffs to compel defendants to maintain said water pipe on their lot cannot be implied from the fact that it will be inconvenient and expensive to construct another pipe from plaintiffs' house to a street abutting upon their lot and from there through the street to a main pipe already laid in a cross street.

Corpus Juris-Cyc. References: Easements, 19 C. J., Section 2, p. 864, n. 27; Section 111, p. 919, n. 64; Section 112, p. 919, n. 67; Section 194, p. 963, n. 23; Section 195, p. 964, n. 23. Frauds, Statute of, 27 C. J., Section 131, p. 193, n. 85.

Appeal from Buchanan Circuit Court.—*Hon. L. A. Vories,* Judge.

REVERSED AND REMANDED (*with directions*).

*Joseph N. Walker* and *Eastin & McNeely* for appellants.

(1)   An easement is an interest in land and can be created only by deed. Devlin on Deeds (3 Ed.) sec. 63; Washburn on Real Property (3 Ed.) 543, 277,; Dunham v. Joyce, 129 Mo. 11; Peters v. Worth, 164 Mo. 438; Auxier v. Horn, 213 S. W. 103. Under our statute, lands and estates therein can be conveyed only by deed. R. S. 1919, sec. 2174; Lemon v. Lemon, 273 Mo. 493; Tapley v. Ogle, 162 Mo. 179; Dunham v. Joyce, 129 Mo. 11. (2)   By no method authorized by or known to the law, has the easement been established in this case. (a) There is no easement by express grant. (b) There is no easement by implied grant. Spencer v. Kilmer, 151 N. Y. 390; 6 Ballard's Law of Real Property, sec. 232. The record shows no such necessity as will raise an implied easement out of a silent grant. Fields v. Mark, 125 Mo. 502; Vossen v. Dautel, 116 Mo. 385; Auxier v. Horn, 213 S. W. 100; Sands v. Kansas City, 199 Mo. App. 16; Rice v. Wade, 131 Mo. App. 338. "The American cases have with almost entire unanimity limited easements by implied grant to such as were open, visible—such as would be apparent to an ordinary visitor—continuous and necessary to the enjoyment of the estate granted or retained." Bussmeyer v. Jablonsky, 241 Mo. 696; Biddison v. Aaron, 102 Md. 156; Treadwell v. Inslee, 120 N. Y. 458; Scott v. Beutel, 23 Gratt. (64 Va.) 1. (c) There is no easement by prescription. Scott v. Beutel, 23 Gratt. (64 Va.) 1. (d) No easement can be predicated upon the prior arrangement and use by Andrews and his wife. Streeper v. Abeln, 59 Mo. App. 485. (e) This action was brought on the 7th day of October, 1922. Plaintiffs did not receive their deed until January

31, 1923. They cannot recover unless the right claimed existed at the time suit was brought. Plaintiffs' rights did not arise by virtue of the contract, but only by virtue of their deed. Lawler v. Vette, 166 Mo. App. 352.

*Mytton & Parkinson* for respondents.

(1) An easement may be created by prescription or necessity or by implied grant and need not be founded on a deed. Bussmeyer v. Jablonsky, 241 Mo. 681; Auxier v. Horn, 213 S. W. 100; Peters v. Worth, 164 Mo. 431. (2) The easements which are appurtenant to the land pass with the conveyance of the land, although not specifically mentioned. 19 C. J. 935, 937; Sharp v. Cheatham, 88 Mo. 498; Whitelaw v. Rodney, 212 Mo. 540; Chase v. Hall, 41 Mo. App. 15; Bernero v. Realty Co., 134 Mo. App. 290; Stilwell v. Ry. Co., 39 Mo. App. 221; Litchfield v. Boogher, 238 Mo. 472; Realty Co. v. Realty Co., 245 Mo. 417. (3) One who purchases land with notice, actual or constructive, of an easement may be restrained from interfering with it. 19 C. J. 939; Chase v. Hall, 41 Mo. App. 15. (4) A purchaser's equitable title to land will entitle him to an injunction. 39 Cyc. 1682, 1683, 1651; Chase v. Hall, 41 Mo. App. 15. (5) Where a party is disturbed or obstructed in the enjoyment of as easement, injunction will lie. Brier v. Bank, 225 Mo. 673; Cook v. Ferbert, 145 Mo. 462; Lakenan v. Railroad, 36 Mo. App. 363.

RAILEY, C.—In order to have a clearer view of the streets, the location of the properties involved, the water pipe, etc., we hereby adopt and make a part of this opinion, the plat, marked defendants' Exhibit 2, which was offered in evidence without objection, to-wit:

EAST

20th                                    Street

Water hydrant

Sidewalk          O

WATER
HYDRANT

O

DONIPHAN
AVENUE

19th
ST.

DUNCAN
STREET

Water
pipe

Property Line                    Property Line

Butts House  ☐        ☐  Bales House

water pipe

WEST

The petition contains two counts. The first prays for equitable relief. The second is purely an action at law for damages, and .was practically abandoned at the trial. The first count alleges that on the 16th day of October, 1920, plaintiffs purchased from Frank M. Andrews and wife, certain real estate. in Buchanan County, Missouri, as follows: All of the south part of east half of the five-acre tract of land in southeast quarter of southwest quarter of Section 16, Township 57, Range 35, which said east half of said five-acre tract was acquired by Frank Andrews, by warranty deed, dated April 8, 1895, and was duly recorded in said county; that said south part of the east half of said five-acre .tract is more fully described in the petition as shown by said plat. It is alleged, that on March 25, 1921, defendants, husband and wife, purchased of said Frank Andrews and wife all of the north part of the east half of the five-acre tract aforesaid, more particularly described in the petition; that the north line of the above mentioned five-acre tract of land is identical with the south line of Duncan Street, in the city of St. Joseph and county aforesaid; that defendants are, and at all times thereafter have been, in possession of said real estate. It is averred, that prior to the possession of said real estate by defendants of that part purchased by them, and by plaintiffs of that part purchased by them, both tracts were owned by Frank Andrews and wife, who held and occupied the same; that fifteen or twenty years prior to the date of the sale of same said Frank Andrews and wife extended a water pipe from. a point in Duncan Street over and across the tract of land so owned by said Andrews and wife, extending from said Duncan Street on the north, southward to and through the property now owned by plaintiffs, and through the property now owned by defendants; that at intervals and spaces of approximately each forty feet tees or joints were placed in said water pipe for the purpose of connecting and tapping said pipe, to run to different houses which might be erected on said land; that said water pipe was laid for the use and

benefit of all said property, including that now owned and occupied by plaintiffs, and for the use of the owners thereof; that ever since the laying of said pipe, the house on said property now occupied by plaintiffs has been connected with said water pipe and received its water supply through same; that the property north thereof became, and at all times after the laying of said pipe was, and now is, subject to an easement and right, in favor of the property now owned by the plaintiffs, for the purpose of said water pipe running through same and connecting with the property now owned by plaintiffs; that when plaintiffs purchased said real estate from Andrews and wife, it was with the understanding and agreement, that they should have the free use of said water pipe from said Duncan Street through the property now owned by defendants for supplying water to the property so purchased by the plaintiffs, and that they did so purchase said right from said Andrews and wife.

The petition charges that plaintiffs have a right to have said water pipe remain unmolested and unobstructed; that there is no other way feasible or practicable to receive a water supply at their property or extend a water pipe thereto, and that the only means of obtaining water is through said pipe; that defendants wantonly severed the connection and deprived plaintiffs of water. They prayed a mandatory injunction to compel defendants to restore said connection, and a restraining order to prevent them from severing it again, etc.

A demurrer to said petition was filed by defendants and overruled. They thereupon moved to dissolve the restraining order, which was also overruled.

The defendants thereafter filed an answer admitting the ownership in fee and the possession of the land described in plaintiffs' petition. They denied every other allegation contained in said petition.

There is not much conflict in the testimony relating to the general facts. The evidence shows substantially that Frank M. Andrews and Melissa Andrews, his wife, were the owners of, and the common source of title to,

five acres of land in St. Joseph, Missouri, extending from
Duncan Street in said city south past Doniphan Avenue
and lying between Nineteenth and Twentieth streets, al-
though not abutting on either. Many years ago, two
houses were constructed on this land which consisted of
a large tract of ground, and a water main or pipe was
laid across said property, extending from Duncan Street
on the north across a considerable portion of the tract of
ground to near the south side thereof. About fifteen years
before this action was commenced a water pipe was placed
across said tract and places left for openings at inter-
vals of each forty or fifty feet, so that connections could
be made with houses that might thereafter be built on
the property. The two houses were at that time con-
nected with this water pipe, the same pipe supplying
both houses with water. The house on the south, or
farthest from the water main in Duncan Street, was
occupied for some years by Frank M. Andrews and wife,
and the house on the north occupied by the daughter of
Mr. and Mrs. Andrews and her husband. In the fall of
1920, plaintiffs purchased the south tract of land and
house by contract, and moved into same on November 13,
1920. The contract called for a general warranty deed
upon the completion of certain payments in accordance
with the contract price. Thereafter, and on January 31,
1923, the purchase price was fully paid and a warranty
deed delivered to plaintiffs. The defendants purchased
the north property in 1921, and received a deed there-
for, on April 2, 1921. In addition to said water pipe sup-
plying both properties for more than fifteen years, there
was also a joint cesspool for the use of both properties
located on the division line, part being on the property
purchased by plaintiffs and part on that purchased by
defendants. Both houses were strictly modern, and
plaintiffs had no other water for drinking purposes, bath,
etc., save that furnished by this pipe. Plaintiffs would
have to go a distance of five or six hundred feet to con-
nect with a water pipe. When plaintiffs bought their
property they claim that it was understood between

them and Andrews and wife that they would be provided with water through this pipe. When Butts moved on their place the plaintiffs had no talk with them about the water pipe. Butts said he knew nothing about it until after he got his deed and went to have the water bill put in his own name.

The water pipe got to leaking about the first of October, 1922, and Butts disconnected the pipe and capped it.

The water pipe is under the ground all the way through the land of both plaintiffs and defendants.

The court made the injunction permanent on final hearing, and defendants appealed to this court.

I. Respondents claim that defendants' land is impressed with an easement in their favor for the perpetual maintenance of a water pipe connecting their dwelling house with a water main in St. Joseph, Missouri. On the other hand, it is contended by appellants that, on the facts disclosed by the record, the plaintiffs are not entitled to maintain this action. Turning to the evidence, we find that Frank Andrews and wife were the owners, and the common source of title, of the real estate conveyed by them to plaintiffs and defendants as described in evidence; that while the owners of all said land, and about fifteen years before the date of trial, said Andrews and wife constructed the water pipe in controversy, beneath the surface of the ground from Duncan Street south, over the lands owned by plaintiffs and defendants. From the time Andrews and wife constructed said water pipe up to October 16, 1920, when they executed a written agreement to convey a part of same to respondents, there was no easement impressed on said land, as the whole and every part of same belonged to Andrews and wife. "So long as these lots belonged to the same owner, there could be no easement in favor of one lot, or servitude upon the other; for a man cannot have an easement over his own land." [Scott v. Beutel, 23 Grattan, 1 (64 Va.).] On October 16, 1920,

*Easement.*

Andrews and wife, and respondents and wife, entered into a written agreement for the sale of the land now owned by respondents. The contract made no reference to water or the water pipe. It provided that when $2,500 had been paid by these respondents, the latter should be entitled to a warranty deed. It further provided that if the purchasers failed to make monthly payments, as prescribed in the contract for thirty days, the contract should be terminated and all payments treated as liquidated damages, and that these respondents should become tenants of Andrews and wife. Said contract was neither acknowledged nor filed for record.

Plaintiffs then read in evidence a warranty deed from Andrews and wife to them for the real estate aforesaid, dated January 31, 1923, and filed for record February 2, 1923. Said deed is of standard form, makes no reference to the water pipe in controversy, nor to the right of respondents to receive water through said water pipe. In other words, said deed is entirely silent upon the subject of water. It was signed by Melissa Andrews, her husband having died since the execution of said contract.

The suit was filed October 7, 1922, the deed above mentioned was made to respondents on January 31, 1923, and the alleged easement was not mentioned therein. Andrews and wife conveyed to defendants their land on April 2, 1921, by warranty deed, and the latter contained no reference to the water pipe, nor to any easement claimed by respondents or any other person. Aside from the foregoing, we do not find in the record, any alleged oral agreement made between Andrews and wife, and the respondents herein, which either directly or indirectly mentions said water pipe, or refers in any manner to an easement impressed on any of said land for the benefit of respondents, except the mere understanding of Mr. Bales, admitted in evidence over a valid, legal objection by appellants. Taking the testimony in the case as a whole, we are of the opinion that plaintiffs are precluded under the Statute of Frauds from maintaining this ac-

tion. [Sec. 2167, R. S. 1919; Walker v. Bohannan, 243 Mo. 1. c. 135 and fol.]

II. It is contended by respondents, that although the contract and the deeds as to both plaintiffs and defendants are entirely silent as to the water pipe, or alleged easement; and although no oral agreement was shown in respect to this matter, still an easement should be declared in favor of respondents, because they have no other convenient access to water, etc. Mr. Bales, on cross-examination, testified as follows:

**Convenient Access.**

"Q. Now, from Twentieth Street to your east line is a dirt street? A. Yes, sir.

"Q. Now the water is in Twentieth Street? A. There is water on Twentieth.

"Q. You could bring your water from Twentieth Street into your place? A. It could be, yes.

"Q. So you can get an outlet that way? A. I could; yes.

"Q. Why don't you do it? A. Do you think I'm going to pay for six hundred feet of water main in there?

"Q. Is that the only reason? A. I bought the property I have with water on it.

"Q. You could, though, enter your property from Doniphan Avenue without going across any other person's land—isn't that a fact? A. Without going across any other property?

"Q. Yes. A. There could be a water main laid in there if the water company would put one in."

Commissioner BROWN, in an able discussion of this subject, in Auxier v. Horn, 213 S. W. 1. c. 102-3, said:

"The burden being upon the plaintiff to show, as against the terms of her predecessors' deed, that she is the owner of the easement in question, she contends that the deed from Osborn to McQueen reserved this right of way as a necessary appurtenance to the land which he retained. The argument is meager in its suggestion as to wherein this necessity lay. There are numerous cases

in which the grantor has been permitted to claim an easement through an implied reservation in his grant, but in all such cases the easement has been a necessary part of the estate retained, and imperatively necessary to its enjoyment, as in Galloway v. Bonesteel, 65 Wis. 79, 26 N. W. 262, 56 Am. Rep. 616, where the grantor had two stores with a common hall over both, approached by a staircase entirely within one of them. He conveyed the store containing the stairway without any express reservation of the right to use it and afterward conveyed the other store. It was held that in his first conveyance he reserved by implication an easement in the stairway because it was necessary to the use of his common right in the hall, which he retained. In this respect the use of the word 'appurtenance,' in a deed conveying a part of one's land for the benefit of which he has previously used a way over his remaining land, adds nothing to the effect of the conveyance. If a right of way remains in the grantor in such a case, it is because it is implied as a way of necessity. [Jones on Easement, sec. 257.] An unanswerable reason for this rule is given by KENT, J., in Warren v. Blake, 54 Me. 276, 289 (89 Am. Dec. 748):

" 'If we adopt any other rule than that of strict necessity, we open a door to doubt and uncertainty, to the disturbance and questioning of titles, and to controversies as to matters of fact, outside of the language or boundaries of the deed. If an estate, fully granted without exception or reservation, can be incumbered forever by an easement, or right of use by a third party, by the finding of a jury that such use would be highly convenient, or that it was exercised by a former owner, or was notorious, or any other ground short of strict necessity, the sanctity and security of titles by deeds, exact and precise in their terms, would be seriously shaken and impaired. The record gives no notice of any such right or easement.'

"In Crosland v. Rogers, 32 S. C. 133, 10 S. E. 874, the word 'necessary' is interpreted as 'meaning that there

could be no other reasonable mode of enjoying the dominant tenement without this easement.' In the same case it is said that the necessity which will justify such an interpretation of an absolute deed must be 'imperious.' In a search which has extended far beyond the meager authorities cited by the parties, we have failed to find any case in which such necessity has been implied, from a conveyance from one's larger estate of a tract of uninclosed land over which he has been accustomed to walk or ride or drive at will for any purpose.

"In Crosland v. Rogers, supra, the court dwells upon the fact that the necessity of such an easement must appear from the facts stated by the witnesses, and not from mere general statements of opinion. That suggestion is peculiarly applicable to the evidence in this case. No necessity is suggested by the facts in evidence except that arising from the inference that he might be under the necessity of replacing by purchase from others the convenience which he had sold. That could be easily and fairly done under the provisions of our Constitution and statutes by judicial appropriation as well as by voluntary contract.

"We do not think this judgment can be sustained on the theory that the right of way was reserved by Orborn in his deed to McQueen."

As sustaining the principles of law declared in Judge BROWN's opinion, supra, we call attention to the following authorities: Kuhlman v. Stewart, 282 Mo. 108, 221 S. W. 31; Daudt v. Steiert, 205 S. W. 1. c. 226; Walker v. Bohannan, 243 Mo. 1. c. 135 and fol.; Bussmeyer v. Jablonsky, 241 Mo. 681; Barrett v. Bell, 82 Mo. 1. c. 114; 9 R. C. L. pp. 738 and following.

III. Without extending this discussion further, we are of the opinion that respondents have signally failed to make a case, and that appellant's demurrer to the evidence should have been sustained.

Conclusion.

We accordingly reverse and remand the cause with directions to the trial court, to set aside its decree and to

dispose of the cause in conformity to the views herein expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.