K. Z. OLIVER, RESPONDENT, v. SARAH WILHITE ET AL., APPELLANTS.—
55 S. W. (2d) 491.

Kansas City Court of Appeals. November 21, 1932.

*Irwin & Bushman* for respondent.

*D. W. Peters* for appellants.

BOYER, C.—This is a proceeding in equity for relief by mandatory injunction. Plaintiff sought and obtained an order requiring defendants to remove an obstruction from a driveway located upon the adjoining lots of plaintiff and defendants. The petition describes the property owned by plaintiff and also that owned by the defendants and states:

"That the last described property was formerly owned by George Wilhite, now deceased, and that Arthur Wilhite, Sarah Wilhite and Belle Hall are now the owners of said land by inheritance from the said George Wilhite.

"Plaintiff further says that each of said tracts of land have a dwelling house located thereon and that there is a strip of vacant

ground lying between the two houses, a part of which belongs to the plaintiff and a part of which belongs to the defendants; that during the lifetime of George Wilhite, that is to say about six years ago, this plaintiff and George Wilhite entered into an oral agreement whereby it was agreed that the said vacant space between said houses should be used by both parties for their mutual benefit and advantage by converting the same into a driveway so that automobiles could pass in and out to garages built by the plaintiff and also built by the said George Wilhite which had been erected back of their residential property; that in pursuance to said agreement this plaintiff contributed money and labor towards the building of a driveway therein and thereon and that ever since said time and for a period of more than six years this plaintiff and the said George Wilhite and those claiming under him have used as a common driveway and that this plaintiff has by reason of usage on the money and labor expended thereon and by reason, of the contract aforesaid acquired an easement in, over and along said driveway as it was then constructed by this plaintiff and the said George Wilhite during his lifetime.

"Plaintiff for his cause of action says that the defendants, each of them and their agents, servants and employees, are now erecting a post and wire fence along and upon said driveway so that the same cannot be used by this plaintiff in accordance with the terms of his said agreement with the said George Wilhite and that by reason of said fence so erected as aforesaid he is now and will continue to be unable to reach his said garage with his automobile; that he erected his said garage at great expense to himself at the place and in the manner it was erected because of his said agreement with the said George Wilhite and in reliance thereon and that unless he is permitted to use said driveway at the place and in the condition it was previous to being molested by the defendants he will suffer irreparable injury, for which he has no adequate remedy at law.

"Wherefore, the premises considered, plaintiff prays a mandatory order of this court directing the defendants and each of them, their agents, servants and employees, to remove the obstruction which they have now placed and are about to place in and along and upon said driveway, and for the order of this court enjoining and restraining the defendants and each of them, their agents, servants and employees, from longer detaining said obstruction in said driveway, and to show cause why they should not be permanently and perpetually enjoined and restrained from maintaining said obstruction in said driveway, and upon final hearing the plaintiff prays that the defendants and each of them, their agents, servants and employees, be enjoined from interfering with, obstructing said drive-

way by placing posts, wire or other obstructions whatsoever in said driveway so as to impede, hinder and obstruct the free and open enjoyment and use thereof by this plaintiff as a driveway; and for such other orders, judgments and decrees as to the court may seem meet and proper in the premises.''

The temporary restraining order issued in the case was the following:

''It is, therefore, ordered, adjudged and decreed that the defendants and each of them, their agents, servants and employees, be and they are hereby required to forthwith remove from the driveway between the premises owned by the plaintiff and the premises owned by the defendants in the City of Jefferson, Cole County, Missouri, any and all posts, wire and other obstructions therein placed by the defendants, their agents, servants and employees, and hereafter refrain and desist from continuing said obstruction of said driveway until the further order of the court, and fail not at your peril.''

Defendants filed timely demurrer to the petition partly on the grounds (1) that the petition shows upon its face that the plaintiff is not entitled to injunctive relief as prayed for or any relief, and (2) because the petition shows that the agreement claimed to have been entered into was oral and could not ripen into an easement, regardless of the lapse of time and the money spent by plaintiff in the construction of the driveway. The demurrer was overruled and the defendants declined to plead further. The court heard evidence offered by the plaintiff and at the conclusion thereof ordered and adjudged that the temporary injunction theretofore issued be made permanent. From that judgment defendants duly appealed and assign as error the ruling of the court on the demurrer for the reasons contained in it as heretofore set out, and insist in brief and argument that the right sought to be enforced is an easement over the land of defendants and that such an easement cannot be created by a verbal agreement and can arise only by grant.

The authorities relied upon by appellants are Kuhlman v. Stewart, 282 Mo. 108, 221 S. W. 31; Bales v. Butts, 309 Mo. 142, 274 S. W. 679, and Auxier v. Horn, 213 S. W. 100, 102. These cases are not in point or controlling upon the issue raised by the demurrer to the petition in the instant case. They do not present a similar state of facts nor show the same relationship existing between the parties as that shown by the petition in the case at bar. The foundations of the actions and the remedies sought are different. The effect of the judgment in the Kuhlman Case was to establish an easement for the passage of water over the land of another, and it was held that an easement can only be created by grant, and that proof of an express parol agreement destroys all presumption of a grant. Under the peculiar and complicated facts in the Bales Case, plain-

tiff failed to establish a right of easement to have water supplied to his premises through a water pipe laid by his grantor. In the Auxier Case plaintiff's right was founded upon the operation of the Statute of Limitations and there was insufficient proof for the basis of the action.

It will be observed that in the instant case plaintiff did not seek and the court did not by its judgment decree the existence of an easement, and the proceeding and the judgment in no manner involve title to real estate. The judgment did not burden the land and plaintiff was not required to establish a technical easement. The remedy sought and that granted was an order operative *in personam* only and it does not run with the land. The Supreme Court so decided when the case was there on the question of jurisdiction. [Oliver v. Wilhite, 45 S. W. (2d) 1083.]

It is further the position of appellants that the right of respondent rests upon a mere license revocable at the will of the licensor or his heirs. We do not so interpret the petition, but are of opinion that the facts therein stated are sufficient to show that plaintiff was vested with more than the rights of a mere licensee; that he had acquired a privilege for a consideration of which he could not be deprived except upon equitable principles, and that a violation of his privilege, acquired as alleged, entitled him to equitable relief against the invasion of his rights at the whim of the defendants. This conclusion is based upon the principle of equitable estoppel which should be applied to the relationship of the parties alleged in the petition and shown in the evidence.

The evidence supports the allegations and shows that plaintiff and the ancestor of the defendants, more than six years prior to the institution of the suit, owned adjoining tracts of improved ground; that there was a vacant strip of land between their houses about twelve or thirteen feet in width; that three and a half feet of said ground belonged to the plaintiff and the remainder to his neighbor; that they agreed to construct a driveway for their joint use over said strip of ground leading from the public street to the rear of the lots in question; that in pursuance to said agreement plaintiff furnished one-half of the labor and all the material for the construction of the driveway; a large tree that stood in the way was removed, and plaintiff built a garage and attached it, by permission, to that of his neighbor; that plaintiff had one garage and the other party had two; that there was no other way to reach these buildings or the rear of their lots except by this driveway; that it was built and both parties had continuously used same for about six years. The evidence further shows the obstruction to the driveway which rendered its use impossible, as alleged in the petition.

The principle which should control the present case is announced

in Sanford v. Kern, 223 Mo. 616, 629, wherein the court had under consideration a prescriptive right to a private road. It appears that one party built a fence in consideration for a right-of-way and the court held that if the fence was built and the road opened the contract was executed, and after a consideration of different subjects the opinion proceeds:

"There is a further doctrine comporting with reason and justice and recognized as clear equity, viz: that a license to use a way or an easement though without consideration at its inception, may not be revoked at will where, from the very nature of the license, the licensee was expected to go to great expense in order to enjoy it and where that expense has been incurred. In such case equitable estoppel arises and the relations of the parties may not be severed and the easement destroyed at the whim and by the act of the licensor alone—they must be severed, if at all, on equitable principles."

Numerous authorities are cited showing the application of this principle by the Missouri courts. We think it applies with full force to the case at bar. A court of conscience cannot lend its aid to the purposes of defendants and thereby deprive plaintiff of all rights in a contract made for mutual benefit and fully executed by the investment of labor and money, and sever all existing relations between the contracting parties, unless it be done upon a just and equitable basis. Equity is alert to prevent fraud. There is no injustice in the judgment requiring defendants to restore the *status quo* and to afford plaintiff the use of the driveway until further orders of the court. "A person has no right to revoke a license to the injury of the grantee, in face of his contract or assurance to the contrary." [Chiles v. Wallace, 83 Mo. l. c. 93.] If plaintiff's right can be said to be based upon a license, it is a license coupled with an interest and supported by a valuable consideration. [Lewis v. Kaplan, 5 S. W. (2d) 699, 701.] There is no doubt of the mutuality of the contract and the joint participation of the parties in its consummation, and the use of the driveway by both of them for about six years. The petition is sufficient for the relief sought and the demurrer was properly overruled. Other authorities support our conclusion. [Meyers v. Ustick, 243 S. W. 833; Des Moines Terminal Co. v. Des Moines Union Ry. Co., 52 Fed. (2d) 605, 614; 37 C. J. 292, sec. 195; 17 R. C. L. 578, sec. 190 et seq.] The judgment was for the right party and should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.