## ST MICHAELS RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH v CLARK

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10577.  Decided June 2, 1930

M. M. Lucak, Jr. and C. J. Bannick, both of Cleveland, for Church.

Harry J. Elconin, Cleveland, for Clark.

SULLIVAN, J.

It is claimed that there was an implied grant even though not an express one which is binding and therefore has the force and effect which gives to the church the right to control and have dominion over the east lot with respect to the drainage through the sewer wherein permission to construct was given by Mrs. Antonoff.

Of course there was nothing but an oral agreement.  In order to be an easement there should be a compliance with the statute of frauds because an easement is a grant which the owner of one estate may exercise over the property of another for the benefit of the party exercising the power.

The statute of frauds provides that no lease or interest in land shall be granted or assigned except by a deed or note in writing or memorandum signed by the party to be charged, or his agent duly authorized in the premises, and of course an easement may be granted by express or implied authority or by prescription.  The

latter doctrine is not applicable in the case at bar because twenty-one years had not expired. It was not an express agreement because whatever was done was based upon conversation. An easement cannot be created by parol.

**Yeager vs Tuning Co. 79 Oh St 124.**

Thompson on Real Property Sec. 314.

In **Rodifer vs Pittsburgh R. R. Co. 72 Oh St 272** it is held that a permanent right in property, owned by another, for a particular purpose and without his consent is such an interest that cannot pass on oral authority and therefore the statute of frauds in such a case is applicable.

It appears to us from the record that the conversation instead of being an easement relates to a simple permission or a grant for a temporary purpose and not irrevocable under the same authority as Yeager supra, because a license is personal, non-assignable, conferred by parol and for the purpose of doing a certain act upon land but without the conferring of any right of possession or interest in the land itself.

At the pleasure of the licensor the promise or grant or license is revocable even though there is an acquiescence for a certain period of time as in the case at bar. The authority quoted has gone so far as to make this rule applicable even where absolute improvements have been made. It has been held in **Wilkins vs Irvine, 33 Oh St 138,** as we read in the syllabus, that the pleasure of the licensor determines the period of the license and under that holding even if there is a written license to enter upon and plant pipes in the land of another with the privilege of entering and repairing the same that even then it creates no interest or incumbrance upon the land and thus a warranty deed conveying the premises may be executed because the grant is no incumbrance and is no interest running with the land.

In the instant case there is no record of the grant, no knowledge on the part of any one else excepting the contracting parties and its nature and character are such that it could not, in any event, bind a subsequent purchaser and owner of the land in question. The question of strict necessity does not arise in the instant case because connection could be made with the sewer on Union Avenue and the question of additional expense does not alter the doctrine because land cannot be permanently encumbered as against the provisions of the statute of frauds, on a private oral agreement.

It is laid down in **Meredith vs Frank 56 Oh St 479,** that it is a general rule that to warrant a right of way reserved by implication, that there must be foundation for the rule of strict necessity and it is not merely a matter of convenience providing the grantor has another mode of access, however inconvenient it may be, and he cannot claim implication even though there has been a use of the adjoining property for a period of time. This holding is supported by **Jordan vs Bruce Mfg. Co., 89 Oh St 311** and in **7 O. N. P. 245** it is held that necessity does not exist where there is no unity of ownership in the dominant and servient estates, and the reason given is that no one can have a right of way by reason of necessisty over the land of a stranger, but, as before stated, the question of strict necessity is not claimed in the instant case but it is practically admitted that such a condition does not exist and the only claim that is made is that it would cost more to necessitate the use of the sewer on Union Ave.

The question, therefore, is one of pure law and we are bound by the decisions of the courts and the facts as recorded in the instant case, and holding as herein set forth, a decree may be entered for the defendant accordingly. O. S. J.

Vickery, PJ, and Levine, J, concur.