### WRIGHT et al. v. BARLOW.

No. 23365.   Nov. 20, 1934.

Babb & Bennett and Irl Babb, for plaintiffs in error.

R. P. White and A. E. White, for defendant in error.

PER CURIAM. This action was commenced in the district court of Le Flore county by the defendant in error, C. C. Barlow, as plaintiff, and against W. G. Wright and Nellie Mallory. The plaintiff alleges that he is the owner of the fee-simple title and in the actual possession of a part of lots 5 and 6 in block 11 in the city of Heavener, Le Flore county, Okla., and has been such owner since the 24th day of April, 1924. That located upon said property is the brick building occupied and used by said plaintiff.

That the defendants, W. G. Wright and Nellie Mallory, are the owners of a part of the aforesaid lots 5 and 6 in block 11 of said city of Heavener. That as originally laid out and platted, said lots 5 and 6 front on Main street of said city and run back a distance of 170 feet to the original alley in said block. That in the year 1909 the owners of said lots, for the purpose of establishing lots fronting upon Avenue "C," divided said lots in several parts creating lots formed out of the parts of lots 5 and 6 fronting upon Avenue "C" and running back the width of said two lots, a distance of 100 feet, and said lots 5 and 6 so divided were sold to different purchasers and that within a short time thereafter all of said new lots fronting on Avenue "C" were improved by the construction of brick buildings thereon.

That at the time of the aforesaid division and prior to the construction of the aforesaid brick buildings it was verbally agreed by all of the persons then owning said lots 5 and 6 that a portion of lot 6, 15 feet in width and lying on the south boundary of said lot 6, should be dedicated to the public and to the other owners of said property for their use as an alley, and that in compliance with such agreements said alley was opened to the public, and that the same has been continuously used by the public and by the owners of said property constituting said lots 5 and 6 from that date until the present time. That said dedication was accepted by the public at large and by the owners of all the aforesaid property and by the said city of Heavener by the constant and continued use of the same as a public alley and way, and by the installation thereon of water, sewer, and gas pipes for the common use of the owners and occupants of said premises and adjoining premises and by the construction by said city of proper means of approach and entry into said alley. That on or about the 10th day of July, 1924, the defendants herein became the owners of the portion of the aforesaid lots located on the western boundary thereof and adjacent to Main street, and that at the time of such acquisition and for a long time prior thereto, or from the year 1909 until the year 1924, the alley herein described having been theretofore dedicated, had been and was then used as a public way. That subsequent to the acquisition of the title to said property the defendant, with full knowledge of the public use of said property and the easement of the remaining owners of said lots, acquiesced in the public use of the same by permitting the constant and continued use of said alley until a recent date. That the electric light poles which furnished support for the electric wires furnishing current to all of the owners of portions of the aforesaid lots were erected in said alley long prior to the acquisition of said property by said defendants, and have at all times so remained, and that during all of the time since the acquisition of said property by said defendants, said defendants and the occupants of their said property have shared in the benefits of the distribution of the electric current by the use of said alley. And said defendants and their tenants, occupying the aforesaid property, are now using and enjoying such benefits and advantages. That prior to the acquisition of said property by said defendants

there was laid in said alley a common sewer line for the use of all of the owners of the aforesaid lots, and that subsequent to the acquisition of said property said defendants have at all times used and are now using such sewer line for their own benefit and advantage. That said defendants further ratified and confirmed the dedication of the aforesaid property and for themselves dedicated the same to such public use as an alley by causing the construction of a permanent approach and entry into said alley from Main street, such construction being made of concrete and permanently installed by the direction of the defendants herein. That notwithstanding the dedication of the aforesaid alley and the continued use of the same and the violation of the rights of the public and to the great injury and detriment of the plaintiff, said defendants are now placing obstructions in said alley adjacent to the portions of said lots owned by them and are threatening to close said alley and take forcible possession of the same and construct thereon an extension to the building located on this property, and said plaintiff prays for a mandatory writ of injunction requiring defendants to remove from the aforesaid alley all obstructions placed therein or thereon.

The defendants filed their answer to the petition of the plaintiff, in which they admit that the plaintiff was the owner of the fee-simple title to and in the actual possession of a part of lots 5 and 6 in block 11 in the city of Heavener, Le Flore county, Okla., and that the defendants were the owners of the fee-simple title to and in the actual possession of a part of said lots 5 and 6 in said block 11; and further deny each and every other material allegation in plaintiff's petition, and ask that the temporary restraining order granted on the 30th day of August, 1930, be vacated and set aside.

The trial court heard the evidence and granted the injunction prayed for.

The defendants here contend that the judgment of the trial court is not sustained by sufficient evidence, and that it is contrary to law.

"In an equitable action the findings of the trial court should be sustained, unless it appears that his findings are clearly against the weight of the evidence. The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say, in equity and in good conscience that the conclusions reached by the trial court are clearly against the weight of the evidence." Baldridge v. Zigler, 103 Okla. 219, 229 P. 831.

After examining the record in this case, we cannot say that the judgment of the trial court is against the clear weight of the evidence.

The record in this case shows that all of the original owners of said lots, with the exception of J. P. Oliver, mutually agreed to the dedication and maintenance of said alley. The record further shows that said J. P. Oliver owned only a partnership interest in part of the property, the remainder of said interest being owned by his brother, J. R. Oliver, who managed the business and had charge of the property, and who afterwards purchased the interest of J. P. Oliver. The record further shows that this alley was never closed and was used by the public generally since the year 1909, that the buildings erected on said lots were constructed according to said agreement, that doors and windows were placed in the rear of these buildings for entrance and for light and air and for delivering and receiving freight and merchandise, and that all the owners and occupants of these buildings used this space as an alley and passageway. That at the time the defendants acquired title to this property, in the year 1924, the buildings located on this alley, including the building of defendants, were being served by a sewer laid in said alley and by the electric wires located over the same, and the defendants constructed a concrete entrance to this alley.

What we consider to be the correct rule is stated in Forde v. Libby (Wyo.) 143 P. 1190:

"Where owners of adjoining lots orally agreed upon a private way between their lots and constructed their improvements with relation thereto, each was estopped from disputing the other's right to such way, and that estoppel extended to their grantees, who took with notice of the way, although it was not expressly reserved."

Pollard v. Rebman (Cal.) 124 P. 235:

"If the way is at the time in use, and, although not fenced, is marked on the ground either by the effects of travel over it or by fences or other bounds, so that it is plainly visible and its use obvious to one who examines the premises, the purchaser is put on inquiry with regard to such easement and cannot claim as a purchaser without notice thereof. He cannot escape this by buying without examination. He is bound to take notice of that which his reasonably careful inspection of the land would disclose to him."

The judgment of the trial court is not contrary to law, and is in all things affirmed.

The Supreme Court acknowledges the aid

of Attorneys T. L. Marteney, Richard L. Wheatley, and C. B. Holtzendorff in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Marteney, and approved by Mr. Wheatly and Mr. Holtzendorff, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.