**WAIBEL, Plaintiff-Appellee, v. SCHLEPPI, et al., Defendants; BUDD et, Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3717.   Decided January 11th, 1945.

H. P. Fagan and W. C. Egelhoff, Columbus, for plaintiff-appellee.

Roscoe R. Walcutt and Ralph H. Henney, Columbus, for appellants.

HORNBECK and GEIGER, JJ., and MONTGOMERY, J., of the Fifth District, sitting by designation in place of BARNES, P. J.

### OPINION

By THE COURT:

The appeal to this Court is upon law and fact. By stipulation of counsel the cause was submitted upon the pleadings, the transcript of the evidence taken in the lower court, and

on briefs, oral argument having been waived. The relief sought is the quieting of title to a 15 foot strip of ground of which the plaintiff has the legal title, and the enjoining of the use of this strip by any of the defendants.

Prior to 1903 the real estate in question in this action was a part of a 15 acre tract, rectangular in form, located on the west side of Lockbourne Avenue, which road runs along the narrower side of this tract. The owner of the tract having died in 1903, her seven heirs-at-law divided this tract into seven parcels approximately equal in size and running from north to south, and executed deeds therefor. These seven parcels are numbered from 1 to 7, No. 1 being the easterly tract adjoining Lockbourne Avenue.

In 1904 the owners of the several parcels caused a survey of them to be made, caused a plat thereof to be recorded in the County Surveyor's office, and as a part of said plat indicated a 15 foot right of way along the whole north side of the 15 acre tract or seven parcels, and extending to Lockbourne Avenue. There was never any dedication of this right of way and there was never any written grant of any part of it to the owners of the different parcels.

In 1927 there was laid out and dedicated what is known as Markison Avenue which runs westerly from Lockbourne Avenue through approximately the center of this 15 acre tract, so that all the several parcels face directly upon it.

The plaintiff having obtained title to the north portion of lot No. 1, thereafter by subsequent deed obtained legal title to the 15 feet, a part of lot No. 1, and previously used as right of way. Thereafter he brought this action in the Court of Common Pleas against all of the defendants and obtained decree therein. The action was contested by the defendants Budd only and they alone appealed.

It is contended by the appellants that they have a prescriptive right to the use of this 15 foot strip as an outlet from their lot, which is No. 3 of the original division, to Lockbourne Avenue. They make this contention on three grounds, to wit, the original survey and plat, the prescriptive right obtained by user, and estoppel.

As heretofore observed there was never any grant or dedication of this right of way. There seems to have been simply a parcel agreement. The mere fact of having a survey and of having a plat made and recorded certainly does not convey title or any prescriptive right.

Originally, this right of way along the north of this tract

may have been a right of way of necessity as an outlet to Lockbourne Avenue. Since 1927 it has not been used at all by the owners of parcels 5, 6 and 7, and only to a small extent by the owners of lots 2, 3 and 4. The natural outlet to all of these tracts is now through Markison Avenue. It is significant that while the defendant Budd was on the witness stand the second question asked him was, "Where do you live, Mr. Budd", and the answer was "1200 Markison Avenue". Obviously, there is no longer a right of way to Lockbourne Avenue solely on the ground of necessity and no prescriptive right can now be claimed therefor.

It is intimated, although not argued seriously, that the statute of limitations is applicable. This cannot be because if title were claimed by adverse possession, this would begin to date at the earliest in 1927, the time of the laying out of Markison Avenue. Prior thereto there is nothing in the record to indicate any adverse contentions.

Nor can the claim of estoppel be substantiated. The plaintiff and his predecessors in title did nothing which by their conduct misled the defendants or any of them, or caused them in any way to change their position. According to the record the defendants did nothing with reference to its right of way but occasionally to haul in cinders, brickbats and other similar road material.

It follows that there may be a decree for the plaintiff as prayed for in his petition.

Motion for new trial, if filed, will be overruled.

HORNBECK, GEIGER & MONTGOMERY, JJ., concur.