MONROE BOWLING LANES, APPELLANT, *v.* WOODSFIELD LIVESTOCK SALES ET AL., APPELLEES.

(No. 432—Decided February 19, 1969.)

*Mr. F. V. Ballard*, for appellant.
*Mr. William E. Chaney* and *Mr. George F. Burkhart*, for appellees.

BROWN, J. This is an appeal by plaintiff, appellant herein, from a final judgment of the Common Pleas Court of Monroe County denying a permanent injunction which the plaintiff sought against the defendant-appellee Woodsfield Livestock Sales, a corporation, to enjoin the latter from interfering with water lines owned by the defendant located on its premises which, by a water line connection on its east boundary line, supplied water through a water line to the premises and bowling lanes of plaintiff located adjacent to defendant's premises and on the east side thereof.

In 1957 Charles Bott, plaintiff's predecessor in title, obtained permission from Sam Hanna, secretary-treasurer

of defendant, to tap on defendant's water line and to extend the water line to serve Bott's premises, part of which in 1961 became the property of plaintiff. Hanna submitted to defendant's board of directors Bott's application for permission to make the water line tap on defendant's water line, but the board of directors never took any official action.

Plaintiff, in 1961, connected to the water line of Bott at the west boundary of the plaintiff's bowling lanes and property, which was defendant's east boundary line.

The defendant village of Woodsfield thereupon furnished water, separately metered, to the defendant and to other users who had tapped and hooked on this water line.

Plaintiff's large parking lot for bowling lane patrons, since 1961, has been used by the defendant's patrons attending defendant's weekly auctions, and many times plaintiff's parking lot so used by defendant's patrons made it appear to plaintiff's bowling lane customers that the bowling lanes were too crowded to permit further patronage. A running controversy ensued between the plaintiff and the defendant concerning this parking problem, the plaintiff requesting defendant to urge its customers to confine their parking to the western portion of the parking lot, and the defendant, in exchange, threatening to sever plaintiff's water line connection and cut off plaintiff's water, culminating in 1967 in defendant removing a section of the water line and stopping water service to plaintiff's bowling lanes.

Plaintiff's action in Common Pleas Court sought primarily injunctive relief to enjoin defendant from interfering in any way with the water line supplying water to plaintiff's premises. The Common Pleas Court denied injunctive relief to plaintiff, but awarded a judgment for nominal damages to plaintiff of $10 on its petition, and awarded judgment in favor of the plaintiff on defendant's cross-petition which claimed damages against the plaintiff for plaintiff's alleged use of defendant's water line without defendant's consent.

The trial court denied injunctive relief to plaintiff seeking an uninterrupted use of defendant's water line to supply water to plaintiff on the basis that plaintiff's use of defendant's water line to transport water it buys from the village was a mere license revocable at the will of the licensor, the defendant, and on the proposition of law that a parol license to use real estate is revocable at the will of the licensor. *Yeager* v. *Tuning Co.*, 79 Ohio St. 121, 19 L. R. A. (N. S.) 700, 128 Am. St. Rep. 679; *Fowler* v. *Delaplain*, 79 Ohio St. 279; *Rodefer* v. *Pittsburgh, Ohio Valley & Cincinnati Rd. Co.*, 72 Ohio St. 272, 70 L. R. A. 844; *St. Michaels Russian Orthodox Greek Catholic Church* v. *Clark*, 37 Ohio App. 200. If all that the plaintiff had in this case was a parol license to use defendant's water line, then the decision of the Common Pleas Court is correct.

On the other hand, in considering whether plaintiff had an easement by estoppel to the extent of a right to connect with and use defendant's water line to supply water on the plaintiff's premises, the following facts should be considered in connection therewith. Plaintiff's parking lot was used by the defendant from the time it was installed in 1961 until 1967. Hanna, secretary-treasurer of defendant, gave permission in 1957 to Bott, plaintiff's predecessor in title, to hook on to the water line, and Hanna knew that plaintiff at the time of construction of the bowling lanes was connecting with defendant's water line. Hence, it is clear that plaintiff and its predecessor in title, Charles Bott, both were misled by the defendant into believing that their respective uses of defendant's water line was with the permission of the defendant and the plaintiff greatly changed its financial position to its substantial prejudice by constructing a costly bowling lane building and developing a sizeable recreational business in reliance upon and dependent upon use of defendant's water line.

It is recognized by the courts that an easement may be created by estoppel, although such an easement cannot be claimed by one who has not been misled or caused in any way to change his position to his prejudice. *Waibel* v. *Schleppi*, 77 Ohio App. 305 (no need to consider estoppel

because there was nothing to indicate that the conduct of plaintiff misled defendants or caused defendants to change their position); *Cookston* v. *Box*, 76 Ohio Law Abs: 516, paragraphs 1, 2 and 3 of the headnotes; *Civilian Defense, Inc.*, v. *Ross*, 78 Ohio Law Abs. 172; 18 Ohio Jurisprudence 2d 537, Section 17; 98 A. L. R. 1104.

An easement by estoppel may also exist in a passageway over a boundary strip as a result of reciprocal use of the strip by the adjoining owners as a passageway for a long time. *Oliver* v. *Wilhite* (1932), 227 Mo. App. 538, 55 S. W. 2d 491; *Binder* v. *Weinberg* (1909), 94 Miss. 817, 48 So. 1013; *Wright* v. *Barlow* (1934), 169 Okla. 472, 37 P. 2d 958; *Forde* v. *Libby* (1914), 22 Wyo. 464, 143 P. 1190; *Travis Invest. Co.* v. *Power* (1924), 57 Nov. Sc. 432, 1 D. L. R. 232; 98 A. L. R. 1104; 27 A. L. R. 2d 334, Section 1; 25 American Jurisprudence 2d 431, Section 18. The reciprocal use by adjoining owners of a passageway partly on each owner's premises is analogous to the instant case where the reciprocal use consists of plaintiff's use, without burden on defendant, of defendant's water line to supply water to plaintiff, and defendant in return used plaintiff's parking lot for six years to accommodate defendant's patrons at defendant's weekly auction sales. The reciprocal use by the defendant of plaintiff's parking lot was a greater burden on the plaintiff than the burden on the defendant by plaintiff's use of defendant's water line. It would be an injustice to conclude otherwise.

A party, such as the defendant here, who knows the facts and who, without objection, permits another to make improvements or expenditures on, or in connection with, his property, or in derogation of his rights under a claim of title or right, will be estopped to deny such title or right to the prejudice of the other. 31 Corpus Juris Secundum 505, 512, Sections 94, 97.

Where a party, such as the defendant, has a claim, right or title, such as the right to deny plaintiff the privilege of connecting with defendant's water line, and sees another, the plaintiff, do an act inconsistent therewith, viz., connect with defendant's water line, and stands by in such a manner as to induce the party doing the act, and

who might otherwise have abstained from it, to believe it assents to its doing, it (the defendant) cannot afterward complain of it. 31 Corpus Juris Secundum 514, Section 98; *Trees* v. *Loomis* (Common Pleas Court), 76 Ohio Law Abs. 565; *State, ex rel. Lander*, v. *Prestien*, 16 N. P. (N. S.) 289, affirmed 93 Ohio St. 423; *Cloud* v. *Millikin Natl. Bank*, 13 N. P. (N. S.) 259.

Where an owner of land, without objection, permits another to expend money in reliance upon a supposed easement, when in justice and equity the former ought to have disclaimed his conflicting rights, he is estopped to deny the easement. *Metz* v. *Betzner*, 77 Ohio App. 320; *Buckingham* v. *Smith*, 10 Ohio 288; *Kintz* v. *Zwisler*, 7 N. P. 15, 9 O. D. 145; *Stutzman* v. *Ach*, Dayton 395; *Pierson* v. *Cincinnati & W. Canal Co.*, 13 O. D. Rep. 62; 15 Ohio Jurisprudence 66, 75, Sections 46 and 51. The defendant Woodsfield Livestock Sales, a corporation, fits the foregoing category of an owner who permits another to expend money in reliance upon a supposed easement.

Defendant contends that plaintiff has no right to connect with the water line on defendant's property because plaintiff obtained no official consent from the board of directors of defendant corporation to connect to the water line.

This contention must be considered along with the undisputed facts that defendant's secretary-treasurer, a member of the board of directors, Sam Hanna, told Charles Bott, plaintiff's predecessor in title, to go ahead and hook on to the water line, which Bott thereupon did, and that defendant knew that plaintiff's bowling lane had hooked on to the water line, and that Hanna brought Bott's application for water line extension to the attention of the board of directors, but no official action was taken by the board. The defendant received benefits from the plaintiff by the defendant's customers at auction sales using part of plaintiff's parking lots for approximately six years.

Defendant's contention that plaintiff's claim to connect with the water line must fail because the defendant's board of directors did not give consent collides with the principles of estoppel applicable to corporations.

An estoppel may arise where a corporation with knowledge of the facts acquiesces in the unauthorized activity of the agent, or where, with knowledge of the facts, it receives and retains the benefits of the unauthorized transaction. *Colonial Ins. Co.* v. *Graw,* 102 Ohio App. 430; 12 Ohio Jurisprudence 2d 679, Section 554; 19 Corpus Juris Secundum 483, Section 1011b. Some of the free parking benefit was extended by the plaintiff to the defendant because of the water line connection on defendant's property. Plaintiff anticipated trouble with the defendant about this water line connection unless some parking privileges were given to the defendant's customers, and plaintiff was willing to permit automobiles only of defendant's customers to park along the west side of plaintiff's parking lot. The defendant gladly and rather selfishly accepted these parking benefits and demanded still more than the plaintiff was willing to concede in exchange for the water line connection.

Therefore, plaintiff has an easement by estoppel to connect with and use defendant's water line as originally constructed in 1961 to supply water to plaintiff's premises and has a right to injunctive relief against the defendant to enforce that right.

Plaintiff also claims a right to use the foregoing water line by reason of prescriptive user and by reason of dedication of such water line for public use. These contentions are without merit.

There can be no dedication to private uses, or to uses public in their nature but the enjoyment of which is restricted to a limited part of the public. 26 Corpus Juris Secundum 408, Dedication, Section 8, Purpose of Dedication. The right to an easement by prescription requires adverse possession or enjoyment for a period of 21 years, *Kimball* v. *Anderson,* 125 Ohio St. 241; 1 Ohio Jurisprudence 2d 694, Section 8, and permissive use by plaintiff, as in the instant case, cannot ripen into an easement by prescription no matter how long continued. *Elster* v. *Springfield,* 49 Ohio St. 82, 1 Ohio Jurisprudence 2d 714, Section 27.

Accordingly, this court, entering the judgment which

the Common Pleas Court should have entered, enjoins the defendant Woodsfield Livestock Sales, a corporation, from interfering with the use of defendant's water line to supply water to plaintiff's premises.

*Judgment for plaintiff.*

LYNCH and O'NEILL, JJ., concur.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Seventh Appellate District.