This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Marilyn Rusu ("Rusu"), appeals the judgment of the Summit County Court of Common Pleas, which held that Appellee, Charles Vance ("Vance"), had an easement on a driveway he shares with Rusu. We reverse and remand for further proceedings.
 I.
This is the second time this court has had the opportunity to review this case. See Vance v. Rusu (Aug. 1, 2001), 9th Dist. No. 20442. Vance and Rusu are next-door neighbors who shared a driveway located between their properties on Kling Street in Akron, Ohio. Vance owns the property located at 881 Kling Street, and Rusu owns the property at 879 Kling Street. Vance originally filed his complaint against Rusu seeking an injunction to prohibit Rusu from interfering with Vance's property rights in the shared driveway because Rusu erected a fence down the middle of the driveway.
A hearing was held before the magistrate. The magistrate found that Vance had established an easement and ordered Rusu to remove the fence. Rusu filed objections to the magistrate's decision. The trial court overruled Rusu's objections and adopted the magistrate's findings. We reversed the trial court's decision because the trial court issued its decision without considering the requested transcript, and we remanded the cause for further proceedings.
The trial court revisited Rusu's objections to the magistrate's decision and again found that Vance had an easement on Rusu's property for the shared driveway. The court found both a prescriptive easement and an easement by necessity. The court ordered Rusu to remove the fence.
This appeal followed. Rusu now raises two assignments of error.
 II. First Assignment of Error THE TRIAL COURT'S RULING THAT THE PLAINTIFF-OWNER OF 881 KLING STREET IS ENTITLED TO AN EASEMENT OF NECESSITY ON THE DRIVEWAY OF THE DEFENDANT-OWNER OF 879 KLING STREET IS CONTRARY TO LAW AND THE EVIDENCE, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, Rusu asserts that the trial court erred in finding an easement of necessity on the driveway. We agree.
We note that although Rusu phrases her assignment of error as a challenge to the weight of the evidence, her argument substantively challenges the sufficiency of the evidence. A challenge to the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient or adequate as a matter of law to support a verdict. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When considering a challenge to the sufficiency of the evidence, the court must determine whether the plaintiff has met its burden of production, while a manifest weight challenge requires the court to examine whether the plaintiff has met its burden of persuasion. Id. at 390 (Cook, J., concurring). A civil judgment is based upon sufficient evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77.
An easement of necessity is one that is implied in the law in order to give effect to the intentions of the parties. Szaraz v. Consolidated RR.Corp. (1983), 10 Ohio App.3d 89, 92. To succeed in a claim of an easement by necessity, a party must establish the following:
 A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.
Ciski v. Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus. The party proposing the existence of an easement by necessity bears the burden of demonstrating each of the required elements. Trattarv. Rausch (1950), 154 Ohio St. 286, paragraph seven of the syllabus. The first element requires a severance of the unity of ownership. Thus, an easement of necessity can only be granted in land owned by a common grantor at the time of the division of the property. Szaraz,10 Ohio App.3d at 92.
In this case, Vance provided no testimony of a common grantor of the adjoining properties. Vance produced testimony as to the ownership of the property at 881 Kling Street from the mid-1960's. However, there was no evidence provided to establish that both properties were ever under unity of ownership.
Therefore, the trial court's conclusion that Vance established an easement by necessity was not supported by competent, credible evidence going to all the essential elements of the case. Rusu's first assignment of error is sustained.
 Second Assignment of Error THE TRIAL COURT'S RULING THAT THE PLAINTIFF-OWNER OF 881 KLING STREET IS ENTITLED TO A PRESCRIPTIVE EASEMENT UPON THE DRIVEWAY OF 879 KLING STREET OWNED BY DEFENDANT IS CONTRARY TO LAW AND THE EVIDENCE, AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her final assignment of error, Rusu asserts that the trial court erred in finding a prescriptive easement, arguing that the finding was against the manifest weight of the evidence. We agree.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born, (Aug. 21, 1996), 9th Dist. No. 95CA006286. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that [the judgment] must be reversed and a new trial ordered.
Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal, will the appellate court reverse and order a new trial. State v. Otten (1986),33 Ohio App.3d 339, 340. Accordingly, in order for an appellate court to reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
To prove the existence of a prescriptive easement, a party must establish use of the land in question that is open, notorious, continuous, and adverse to the property owner's rights, and that such use continued for at least twenty-one years. Hindall v. Martinez (1990),69 Ohio App.3d 580, 583. The party claiming easement by prescription must prove each element by clear and convincing evidence. Coleman v. PenndelCo. (1997), 123 Ohio App.3d 125, 131. "[P]ermissive use * * * cannot ripen into an easement by prescription no matter how long continued."Monroe Bowling Lanes v. Woodsfield Livestock Sales (1969),17 Ohio App.2d 146, 152. Thus, a prescriptive easement will not be found if the use was with the property owner's permission.
The testimony revealed that the two properties used portions of both sides of the driveway to gain access to the respective back yards and garages. The driveway had been shared at least from 1959 until the day Rusu erected the fence. Wade Glover, a former resident and owner of 881 Kling, testified on behalf of Vance that he "more or less" had permission of the neighbors to drive on their portion of the shared driveway, that it was "just known" to be a shared driveway. Rusu, testifying on her own behalf, admitted that she gave permission to the neighbors to use the shared driveway.
The testimony offered by both parties reveals that the use of the shared driveway was done with the permission of the other property owner, at least until the fence was erected. Therefore, the trial court clearly lost its way when it concluded that Vance established an easement by prescription. Accordingly, the trial court's conclusion was against the manifest weight of the evidence. Rusu's second assignment of error is sustained.
 III.
Having sustained Rusu's first and second assignments of error, we reverse the judgment of the Summit County Court of Common Pleas and remand for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR