DECISION AND JUDGMENT ENTRY
{¶ 1} Paul, June, and Kenneth R. Jenkins appeal the trial court's judgment finding that they failed to establish a claim of trespass against Jason and Brandi Guy, that the Guys have an easement by estoppel on the disputed section of land, and that they defamed Alvin Harper. First, they contend that the court improperly found an easement by estoppel as the Guys never pled or argued that issue at trial. Second, they alternatively assert that the court's finding of an easement by estoppel is against the manifest weight of the evidence. Third, appellants claim that the court's decision that they did not establish a trespass claim against the Guys and that they defamed Alvin Harper is against the manifest weight of the evidence.
 {¶ 2} Because the record shows that the parties impliedly tried the easement by estoppel issue under Civ.R. 15(B), the Guys' failure to plead the issue does not require us to reverse the trial court's decision. Additionally, the record contains competent evidence to support the court's judgment (1) finding that the Guys have an easement by estoppel, (2) declining to find that the Guys trespassed, and (3) finding that appellants defamed Alvin Harper. Therefore, we affirm the court's judgment.
 {¶ 3} This case involves a stretch of land that appellants claim to be their own "private driveway," and that the Guys and Harpers claim to be "Township Road 222," open to public use. The Guys' home abuts the disputed stretch of land, which provides the only current means of ingress and egress to their home. After the Guys expended considerable time and money fixing up the house and installing a driveway, appellants filed a trespass action against them.
 {¶ 4} In their complaint, appellants alleged that the Guys have trespassed upon their "private road," and they further claimed that Alvin Harper defamed them by stating that appellants do not own the "private road." The Guys filed a counterclaim for trespass and emotional distress, and the Harpers filed a defamation counterclaim, in which they asserted that Paul Jenkins defamed Alvin Harper by stating that he filed a false document. Before trial, appellants dismissed their defamation claim against the Harpers.
 {¶ 5} Following a bench trial, the court found the following facts. In September of 1942, Roy and Sara Huddle sold a perpetual easement and right-of-way for a public highway and road purposes over property they owned in Lawrence County. A right-of-way eventually was established, but not in the location designated in the Huddle easement. The right-of-way is referred to as "Township Road 222."
 {¶ 6} In 1998, the Guys purchased a partially completed house from the Harpers. The sketch of the land accompanying the deed referred to the road abutting their property as "Township Road 222." Over the next several months, the Guys improved the house by adding drywall, building a garage, and installing a driveway. "Township Road 222" provided the Guys with the only access to their house. Appellants knew that the Guys, their workmen, contractors, and friends used "Township Road 222" to access their house, but did not object or attempt to stop them. Furthermore, appellants presented no evidence that they objected when the partially completed house was built.
 {¶ 7} In January of 1999, appellant Paul Jenkins requested the Township Trustees to close and alter a portion of "Township Road 222." Then, in February of 2001, appellants sent a letter to the Guys advising them that appellants considered the Guys' use of "Township Road 222" to be a trespass.
 {¶ 8} Based upon the foregoing facts, the court (1) denied appellants' trespass claim against the Guys, (2) denied the Guys' trespass claim against appellants, (3) denied the Guys' claims for emotional distress, (4) granted an easement by estoppel in favor of the Guys, and (5) granted Harper's defamation claim but did not award any damages.
 {¶ 9} Appellants timely appealed the trial court's judgment and raise the following assignments of error:
 {¶ 10} "First Assignment of Error: The trial court erred in finding estoppel due to the fact that such was never properly pled and therefore waived as set forth in Civ.R. 8 and Civ.R. 15.
 {¶ 11} "Second Assignment of Error: The trial court erred in finding easement by estoppel, as all elements were not fulfilled and same is against the manifest weight of evidence.
 {¶ 12} "Third Assignment of Error: The trial court erred in finding that the appellees' [sic] Jason and Brandi Guy did not trespass upon appellants' property.
 {¶ 13} "Fourth Assignment of Error: The trial court erred in finding that appellant committed defamation of character upon appellee Alvin Harper, and same is against manifest weight of evidence."
 I {¶ 14} In their first assignment of error, appellants contend that the trial court erroneously found that the Guys have an easement by estoppel because the Guys never pled that issue and mentioned it only in their written closing argument.
 {¶ 15} Civ.R. 15(B) treats issues that were not raised in the pleadings as if they were raised, as long as they were tried with the express or implied consent of the parties and substantial prejudice will not arise as a result. State ex rel. Evans v.Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41,448 N.E.2d 1159, paragraph one of the syllabus. Various factors considered in determining whether the parties tried an issue by implied consent include: (1) whether the parties recognized that an unpleaded issue entered the case; (2) whether the opposing party had a fair opportunity to address the issue or would offer additional evidence if the case were to be tried on a different theory; and (3) whether the witnesses were subjected to extensive cross-examination on the issue. Id. However, "implied consent is not established merely because evidence bearing directly on an unpleaded issue was introduced without objection." Instead, it must appear that the parties understood the evidence was aimed at the unpleaded issue. Id. at paragraph two of the syllabus.
 {¶ 16} Whether the parties impliedly consented to try an unpleaded issue is a matter left to the sound discretion of the trial court and, therefore, we will not reverse its decision absent an abuse of discretion. Id. at paragraph three of the syllabus. An abuse of discretion is more than an error of law or judgment, but instead implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. See, e.g., Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748.
 {¶ 17} Here, there is evidence in the record from which the trial court could rationally conclude that the parties impliedly consented to try the easement by estoppel issue.[2] First, a large portion of the testimony concerned the Guys' reliance on appellants allowing them to use the land to access their house, initially without objection, which then led the Guys to install a driveway from the disputed land The testimony also showed that the Guys, the Township, and even appellant Paul Jenkins thought the road was a township road. These facts support an estoppel theory and no one should be surprised that it was a basis for the court's decision. All parties had a complete opportunity to address the facts and all witnesses were subject to cross-examination. While no one uttered the magic words "easement by estoppel" during trial, in the particular circumstances presented in this case, we cannot conclude that the trial court arbitrarily, unreasonably or unconscionably found that the parties impliedly consented to try the issue. Consequently, we overrule appellants' first assignment of error.
 II {¶ 18} In their remaining three assignments of error, appellants argue that the trial court's judgment is against the manifest weight of the evidence. First, they contend that the court's finding of an easement by estoppel is against the manifest weight of the evidence because insufficient evidence exists that appellants misled the Guys. Second, appellants assert that the court's decision that the Guys did not trespass upon appellants' property is against the manifest weight of the evidence because the Guys admitted traveling on the disputed section of land Third, appellants claim that the court's finding that they defamed Alvin Harper is against the manifest weight of the evidence because no evidence of malice exists.
 {¶ 19} An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case.Sec. Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17,20, 492 N.E.2d 438; C.E. Morris Constr. Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate conclusions. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79, 461 N.E.2d 1273.
 A. EASEMENT BY ESTOPPEL {¶ 20} Easements may be created by express grant, by implication, by prescription or by estoppel. Kamenar R.R.Salvage Co. v. Ohio Edison Co. (1992), 79 Ohio App.3d 685, 689,607 N.E.2d 1108. "An easement by estoppel may be found when an owner of property misleads or causes another in any way to change the other's position to his or her prejudice." Schmiehausen v.Zimmerman, Ottawa App. No. OT-03-027, 2004-Ohio-3148, at ¶ 21 (citing Monroe Bowling Lanes v. Woodsfield Livestock Sales
(1969), 17 Ohio App.2d 146, 149, 244 N.E.2d 762). "`Where an owner of land, without objection, permits another to expend money in reliance upon a supposed easement, when in justice and equity the former ought to have disclaimed his conflicting rights, he is estopped to deny the easement.'" Schmiehausen, at ¶ 21 (quotingMonroe Bowling Lanes, 17 Ohio App.2d at 151).
 {¶ 21} Section 2.10(1) of the Restatement of Property sets forth the easement by estoppel doctrine: "If injustice can be avoided only by establishment of a servitude, the owner or occupier of land is estopped to deny the existence of a servitude burdening the land when: (1) the owner or occupier permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on that belief * * *." Restatement of the Law, Property 3d (2000), 143, quoted in Schmiehausen.
 {¶ 22} Here, the record contains some evidence to support the trial court's finding of an easement by estoppel. The Guys, with appellants' knowledge, used the disputed section of land as a roadway to reach their house. They installed a driveway from the roadway to their house. Delivery personnel used the roadway to reach their house. The Guys spent money fixing up the house and installing the driveway based upon the assumption that the roadway was Township Road 222. Even appellant Paul Jenkins once referred to the road as a Township road and he admitted that a sign sat at the intersection of County Road 5 and his purported "private drive" that designated it as Township Road 222. Additionally, the post office assigned the Guys an address that referenced Township Road 222. These circumstances support the court's finding of easement by estoppel. To have held otherwise, the trial court would have to deny the Guys' reasonable access to their property and require them to spend additional, potentially substantial, sums of money when had appellants spoken earlier, the problem possibly could have been averted. Consequently, we overrule appellants' second assignment of error.
 B. TRESPASS {¶ 23} "Trespass is the unlawful entry upon the property of another." Chance v. BP Chemicals, Inc. (1996),77 Ohio St.3d 17, 24, 670 N.E.2d 985. The elements of trespass are "(1) an unauthorized intentional act, and (2) entry upon land in the possession of another." Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 716, 622 N.E.2d 1153. "Implicit in an action in trespass is the notion that plaintiffs were either actually or constructively in possession." Craig Wrecking Co. v.S.G. Loewendick Sons, Inc. (1987), 38 Ohio App.3d 79, 81,526 N.E.2d 321. Thus, to recover on a trespass claim, a plaintiff must prove that he or she had actual or constructive possession of the land at the time the trespass occurred. Abraham v. BPExploration Oil, Inc. (2002), 149 Ohio App.3d 471, 475,778 N.E.2d 48 (citing Northfield Park Assoc. v. Northeast OhioHarness (1987), 36 Ohio App.3d 14, 521 N.E.2d 466). The plaintiff bears the burden of proving all elements of a trespass claim. Chance, 77 Ohio St.3d at 23.
 {¶ 24} In this case, the reason underlying the court's decision that appellants failed to prove their trespass claim against the Guys is not clear. The reasons we discern are either (1) that appellants did not prove ownership of the disputed tract of land, or (2) that because the Guys possess an easement by estoppel, they did not invade appellants' interest in the land Either reason sufficiently supports the court's decision, and we therefore will not reverse it. Consequently, we overrule appellants' third assignment of error.
 C. DEFAMATION {¶ 25} Appellants assert that the court's judgment finding that they defamed Alvin Harper is against the manifest weight of the evidence because no evidence exists that the statements were made with malice.
 {¶ 26} Defamation generally requires falsity, defamation, publication, injury, and fault of at least negligence. State exrel. Sellers v. Gerken (1995), 72 Ohio St.3d 115, 117,647 N.E.2d 807. A public official or a public figure must demonstrate "actual malice" with convincing clarity to establish the requisite degree of fault to support a defamation claim. NewYork Times Co. v. Sullivan (1964), 376 U.S. 254, 279-280;Curtis Publishing Co. v. Butts (1967), 388 U.S. 130; Gertz v.Robert Welch, Inc. (1974), 418 U.S. 323, 342. The actual malice standard "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with `actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times,376 U.S. at 279-80. A showing of actual malice is necessary to promote an "uninhibited, robust, and wide-open" debate on important issues of public concern even though the debate "may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." Id. at 269-270.
 {¶ 27} In this case, although Alvin Harper is a Township Trustee and thus a public official in a general sense, the allegedly defamatory statements had nothing to do with his public persona, official conduct, or robust debate. Instead, it related to whether Harper, in his capacity as the owner of private property, filed a false document. Therefore, the actual malice standard is inapplicable and appellants' fourth assignment of error is meritless.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[2] Although the trial court did not mention Civ.R. 15(B) in its decision, because of appellants' failure to request Civ.R. 52 findings of fact and conclusions of law, we presume the regularity of the trial court's proceedings, including its knowledge regarding Civ.R. 15(B). See, e.g., Carr v. Carr (May 15, 2001), Washington App. No. 00CA26.